## HAINES v HAINES

Ohio Appeals, 2nd Dist, Darke Co

No 475.   Decided June 18, 1935

Billingsley & Manix, Greenville, for plaintiff in error.

George W. Porter, Greenville, for defendant in error.

## OPINION

By BARNES, J.

Considering the record as a whole, we think the trial court was as near correct in his allowance of alimony to the wife as was humanly possible.

From the oral argument of counsel, we get the impression that counsel thinks that the restaurant should have been given to the wife whereby she could have had a going business to support herself and children.

Under the record, the court would be warranted in finding that this would be the source of income through which the defendant husband, could pay one-half of the allowance towards alimony and support. All the money in bank was impounded and the order made that it should be taken out $40.00 per month to pay on alimony and support.

The trial court evidently thought that it would be preferable that the plaintiff devote her time and attention to the care of the family and receive $40.00 a month from the receipts of the restaurant, rather than have her divide her attention between the home and a place of business.

In addition to the $80.00 a month allowance, the court granted to the wife a life estate in defendant's undivided half of the residence used as a homestead. As heretofore stated, she held a fee simple title to the other half. The title to the real estate of the other residence property was not changed, that is, it was left with each holding the undivided one-half. On this residence property not used as the family homestead there was a mortgage of something like $1200.00 held by a building and loan association of Greenville. It was ordered that the building and loan collect the rents, out of which they should pay taxes and insurance and apply the balance on the mortgage loan until it was paid off. Thereafter, of course, the rents would be divided fifty-fifty between plaintiff and defendant.

Complaint is made that the wife must pay the taxes, insurance and repairs on the homestead property.

This is not of such moment as would impel us to make any change in the order.

When and if good times return so that the earnings of the defendant husband are increased, through the operation of his dredging machines or any other business, then a situation may arise whereby it would be proper for the husband to pay a larger amount than the present order.

The order for support is always a continuing order and subject to change under changed conditions.

Finding no prejudicial error in the record, the judgment of the trial court will be affirmed.

Exceptions will be allowed.

HORNBECK and BODEY, JJ, concur.